UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER 14-0164 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GERSON D. GUEVARA-MIRANDA | * | MAG. JUDGE KAREN L. HAYES |

### ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to quash subpoena [doc. # 27] filed by the United States.

By this motion, the government seeks to quash a subpoena obtained by defendant Gerson D. Guevara-Miranda compelling the Custodian of Records for Louisiana State Police Troop F to appear at the office of defense counsel with the following documents in tow,

(a) Any and all policies and procedures of the Louisiana State Police directing or governing the use of video and audio recording equipment during a traffic stop or during the exercise of an officer's duties;

(b) Any and all policies and procedures of the Louisiana State Police directing or governing the use of personal cell phones by officers on duty;

(c) Any and all audio and video recordings, including those captured by dash-mounted cameras, of the traffic stop, search and seizure that is the subject of this action. (See Louisiana State Police Case N. 14-4180.1);

(d) Any and all audio and video recordings, including those captured by dash-mounted cameras, of the Guevara-Miranda vehicle from the moment first encountered by any officer of the Louisiana State Police until removed from the scene of the defendant's arrest. (See Louisiana State Police Case N. 14-4180.1);

    (e)    Any and all video or audio recordings of any interview or interrogation of Gerson D. Guevara-Miranda. (See Louisiana State Police Case N. 14-4180.1);

    (f)    Any and all audio records of any interaction with or conversations with Gerson D. Guevara-Miranda;

    (g)    All dispatch logs and audio dispatch recordings with reference to the activities of Tfc. Chris W. Wright and Tfc. Keith James from 12:00 pm to 1:30 pm on May 23, 2014;

    (h)    If you contend that any video recordings requested in subparagraphs (c) through (g) are not available because the recording equipment that otherwise would have captured the requested images was inoperable on the date of the subject incident, then produce any and all documents that show that such equipment was repaired subsequent to the date in question, May 23, 2014;

    (i)    If you contend that any video recordings requested in subparagraphs (c) through (g) are not available because the recording equipment that otherwise would have captured the requested images was inoperable on the date of the subject incident, then produce any and all documents that show that such equipment was reported inoperable prior to the date in question, May 23, 2014.

(Addendum to Subpoena Issued Nov. 7, 2014; M/Quash, Exh. A).

In its motion, the government contends that

1)    Items (a) and (b) are not relevant to the case;

2)    Items (c), (d), (e), and (f) already have been produced to defendant;

3)    It is working with the Louisiana State Police to obtain copies of the logs referenced in Item (g); and

4)    Items (h) and (i) are irrelevant and/or moot because the government produced the video of the traffic stop and the subsequent interview of the defendant was not recorded.

In effect, then, the government contests production of Items (a) and (b) only.

Case 3:14-cr-00164-RGJ-KLH Document 30 Filed 12/15/14 Page 3 of 5 PageID #: 68

In his response to the motion, defendant explains that he requires the Item (a) documents to determine whether the troopers complied with departmental policy regarding the audio recording of the traffic stop.[1] He seeks the Item (b) documents to determine whether and when it is appropriate for a trooper to communicate via cell phone in lieu of normal radio dispatch. If the cell calls are memorialized in some matter, he also seeks production of those discussions.

**Law**

Rule 17 provides in pertinent part that

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed.R.Crim.P. 17(c). Further, to obtain materials pursuant to Rule 17, a defendant must show that "(1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (citing *United States v. Nixon,* 418 U.S. 683, 697-702, 94 S.Ct. 3090, 3102-05 (1974)). A defendant does not satisfy the specificity and relevance requirements merely by proffering the title of the document and conjecture as to its contents. *Id*. Also, an explanation by the defendant as to why he wishes to view the prospective materials, without a description of what the materials actually contain does not suffice to support a subpoena duces tecum. *Id*. Moreover, the court will not order pre-trial production of evidence that is intended solely for purposes of impeachment. *Nixon*, 418 U.S. at

---

[1] The audio portion of the recording ended suspiciously after Trooper Wright purportedly confessed to Trooper James that he had been looking at a different vehicle, i.e., suggesting that the car that he stopped was not the one that committed the traffic infraction, and therefore, that he lacked probable cause to pull the car over. Furthermore, after the audio recording ended, the arresting officer communicated solely via cell phone.

3

701-02, 94 S. Ct. at 3104 (citation omitted).  The court underscores that, in criminal cases, the subpoena duces tecum is not intended to provide a means of discovery.  *Nixon, supra* (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675 (1951)).

## Discussion

The government does not argue that Items (a) and (b) are inadmissible or insufficiently specific.  Rather, it contends that the requested polices and procedures are irrelevant.  The court disagrees.  If the troopers violated departmental policy, rules, and/or procedures, then defense counsel should be permitted to question them about it.  Their explanations may provide support for defendant's argument that the trooper pulled over the wrong vehicle.

Although noted by the government, but not otherwise advanced in brief, the Louisiana State Police represented to counsel that it could not produce Items (a) and (b) because Louisiana Revised Statute § 44:3 prohibits disclosure of security procedures, information, and assessments pertaining to terrorist-related activity.  (Nov. 25, 2014, Letter from Wayne Crouch to Seth Reeg; M/Quash Exh. B.)  Defendant, however, is not seeking policies or procedures related to terrorist activities.  Rather, he seeks policies and procedures regarding cell phone use while on duty, as well as any guidelines governing audio/video recordings during a traffic stop.  Indeed, in another case previously before this court, the Louisiana State Police was able to produce excerpts from its manual in response to subpoena.  *See United States v. Platt*, Criminal No. 12-0094 (W.D. La.).  The government has not established any creditable reason why the Louisiana State Police cannot do so here.

## Conclusion

For the above-assigned reasons,

The government's motion to quash subpoena [doc. # 27] is DENIED.  Prior to

commencement of the 1:30 p.m hearing on December 16, 2014, in Courtroom 2 of the U.S. Courthouse, Monroe, Louisiana, the custodian of records for the Louisiana State Police Troop F shall produce to defense counsel any as-yet unproduced items listed in the subpoena addendum.[2]

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 15th day of December 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] If defendant seeks to introduce into evidence any LSP policies/procedures that are classified or safety-sensitive, then the government may petition the court to place them under seal.